UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SILAS KENDRICKS,

    Petitioner,

v.                                    Case No. 3:11-cv-1221-J-12MCR

FOURTH JUDICIAL CIRCUIT
DUVAL COUNTY COURTHOUSE,

    Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a prisoner of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Mandamus (Doc. #1) (hereinafter Petition). In the Petition, Petitioner requests this Court to direct the Fourth Judicial Circuit Court in and for Duval County, Florida, to rule on his pending motion for post-conviction relief.

Petitioner is not entitled to the mandamus relief that he seeks.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." See generally Vacheron &

>Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637, 640 (2d Cir. 1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations[.]" In re Bellsouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1981)); see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989). To be entitled to mandamus, Petitioner must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty in the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy. Mallard, 490 U.S. at 309; Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir.), cert. denied, 498 U.S. 998 (1990); District Lodge No. 166. v. TWA Servs. Inc., 731 F.2d 711, 717 (11th Cir. 1984), cert. denied, 469 U.S. 1209 (1985) (quoting Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969)).

Here, Petitioner has not met his burden. He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F.Supp. 183, 187

(D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F.Supp. 914, 915 (E.D. Wis. 1978).

Andujar v. Crosby, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006). Thus, this Court does not have jurisdiction to issue a writ of mandamus to direct the Duval County Circuit Court to rule on Petitioner's pending motion for post-conviction relief.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. #1) is **DENIED.**

2.  This case is hereby dismissed without prejudice.

3.  The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of December, 2011.

*Howell W. Melton*
United States District Judge

ps 12/13
c:
Silas Kendricks

3